1  Stephen Shaiken, Esq.  Bar No. 90915
   LAW OFFICES OF STEPHEN SHAIKEN
2  170 Columbus Avenue, Suite 100
   San Francisco, CA 94133-5102
3  Telephone: (415) 248-1012
   Fax: (415) 248-0019
4
   Attorney for Petitioner Van Hung Vi
5

FILED

07 OCT 30 P 2 22

RICHARD W. W
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6              UNITED STATES DISTRICT COURT

7              NORTHERN DISTRICT OF CALIFORNIA

8                    SAN FRANCISCO

                    C 07        5527

9  Van Hung Vi,                     )   District Ct. No.:
                    Petitioner,     )   Agency No.: A21 508 838
10         vs.                      )
   Nancy Alcantar, Field Office Director,  )   **PETITION FOR**
11 United States Immigration and   )   **WRIT OF HABEAS CORPUS**
   Customs Services (USICE),       )
12 Janet L. Myers, Assistant Secretary  )   **[28 U.S.C. §2241]**
   and Michael Chertoff, Secretary, )
13 Department of Homeland Security  )
                                    )
14              Respondents         )
   _____ )

                                           CW

15
16   **TO THE ABOVE ENTITLED COURT AND TO RESPONDENTS:**

17       **PLEASE TAKE NOTICE** that petitioner, Van Hung Vi,  hereby petitions this Court for a writ

18  of habeas corpus, freeing him from the custody of respondents, because said custody is unauthorized and

19  violates petitioner's Constitutional right to due process of law. Petitioner is a citizen and national of

20  Vietnam, who is under a final order of deportation but cannot be deported to his home country of Vietnam

21  because that nation will not accept him. He has been under an order of supervised release  for many

22  years. He has been charged with a federal criminal offense and wishes to challenge his detention on the

23  criminal charges and seek release on bail, but is unable to do so because respondents have placed a hold

24  or detainer on him.  As is set forth herein, there is no legal basis to do so and the hold should be released

25  or petitioner told why the hold, has been placed and afforded an opportunity to challenge it.

        This petition is supported by the attached versified petition for writ of habeas corpus , the attached

26  memorandum of points and authorities, the attached exhibits, and such evidence as may be adduced

27

28                                    1

1  during these proceedings.

2  Dated: October 30, 2007  at San Francisco, California

3                                    Respectfully submitted,

4                                    LAW OFFICES OF STEPHEN SHAIKEN

5                        By

                                        Stephen Shaiken

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      2

1  Stephen Shaiken, Esq.  Bar No. 90915
   LAW OFFICES OF STEPHEN SHAIKEN
2  170 Columbus Avenue, Suite 100
   San Francisco, CA 94133-5102
3  Telephone: (415) 248-1012
   Fax: (415) 248-0019
4
   Attorney for Petitioner Van hung Vi
5
                    UNITED STATES DISTRICT COURT
6
                 NORTHERN DISTRICT OF CALIFORNIA
7
                            SAN FRANCISCO
8

9  In re                            )
   Van Hung vi                      )        District Ct. No.:
10            Petitioner,           )        Agency No. A21 508 838
                  vs.               )
11 Nancy Alcantar, Field Office Director, )   **VERIFIED PETITION FOR**
   United States Immigration & Customs  )    **WRIT OF MANDATE**
12 Enforcement; Janet L. Meyers, Assistant )
   Secretary, and Michael           )        **[28 U.S.C. §2241]]**
13 Chertoff, Secretary, Department of )
   Homeland Security,               )
14            Respondents           )
                                    )
15                                  )
                                    )
16

17      Comes now the petitioner, Van Hung Vi, who alleges as follows:

18                                  **I**

19      Petitioner is a citizen and national of Vietnam, who entered the United States as a refugee in 1979

20 and upon information and belief was granted lawful permanent resident status in 1982. Upon information

21 and belief, he was ordered removed from the United States sometime after 1987  because of a Canadian

22 drug conviction and has since been under an order of supervised release by United States Immigration

23 and Customs Enforcement (USICE) and their predecessor, the Immigration and Naturalization Service

24 (INS)

25                                  **II**

26      Respondent Alcantar is the Field Office Director of the San Francisco office of USICE, a division

27 of the Department of Homeland Security (DHS) and as such, has the exclusive jurisdiction in the

28                                  3

1    Northern District of California to place and remove detainers and holds and to set release conditions for
2    aliens such as petitioner who are under a final order of deportation but cannot be deported.

3                                                    **III**

4            Respondent Michael Chertoff is the Secretary of Homeland Security, and in that capacity, is the
5    ultimate authority within the Department of Homeland Security (DHS). DHS, through its subagencies,
6    adjudicates applications for visas and citizenship, enforces removal orders, and arrests aliens who are
7    unlawfully within the United States, and refers them for removal proceedings. USICE is a subagency of
8    DHS.

9            Respondent Janet L. Meyers is the Assistant Secretary of DHS for USICE and is the highest
10   ranking official of that subagency of DHS.

11                                                   **IV**

12          On February 22, 2007, petitioner was charged by indictment in the Eastern District of California
13   with one count of violating 21 U.S.C §846 and one count of violating 21 U.S.C. § 841(a)(1). The
14   allegations are that he was involved in illegal cultivation of marijuana.

15          The Government sought detention and petitioner is currently incarcerated at the Sacramento
16   County Jail.

17          Upon his arrest, USICE placed a detainer or hold on petitioner. As a result of this hold, he could
18   not be released from custody after a bond would be set, and instead would be remanded to the direct
19   custody of ICE. This would of course interfere with his ability to defend himself in the criminal
20   proceedings and would also inconvenience the district court and the prosecution. Therefore, petitioner
21   is unable to proceed with a hearing challenging his detention, as it would not result in his release.
22   Additionally, having a hold, where there is no reason, would prejudice him in his detention hearing.

23          Upon information and belief, his four co-defendants have been released on property bonds.

24                                                   **V**

25          The United States Supreme Court has held that where an alien is under a final order of deportation
26   or removal and their country will not accept them, they cannot be indefinitely detained. In response to
27   the Supreme Court holding, the Government has promulgated regulations to assess when release is

28                                                    4

1  appropriate and upon what conditions. However, the United States Court of Appeals has held that these

2  regulations are ultra vires when applied to aliens whose removal is not reasonably foreseeable. Petitioner

3  is such an alien as Vietnam will not accept him.

4                                          **VI**

5        Although the regulations do not apply to petitioner, he nevertheless sought to be released by

6  contacting the local USICE office in San Francisco, which has jurisdiction over cases in the Northern

7  District of California, and proposed a modest bond if that would cause the hold to be lifted. As of this

8  date, USICE has not responded

9                                          **VII**

10       Petitioner has a Constitutional right to due process of law under the Fifth Amendment, and a

11  Constitutional right to reasonable bail under the Eighth Amendment. The actions of USICE, in

12  improperly placing a hold on him without legal authority, and in refusing to explain the hold or to respond

13  to a request to be released, all violate these Constitutional guarantees.

14                                         **IX**

15       This Court is the appropriate court to file this writ as the relevant USICE office, which has

16  authority over detainers and holds, is located in the Northen District of California in San Francisco.

17                                          **X**

18       Habeas corpus is the appropriate remedy and is in fact the only available remedy and the Supreme

19  court has held that habeas is available to seek release in this very situation.

20       Petitioner is without any other form of relief.

21

22

23

24

25

26

27

28                                          5

1  **WHEREFORE**, petitioner prays as follows:

2    1.)    That this Court grant the writ of habeas corpus, and compel respondents to release

3            petitioner or in form him of the legal and factual basis for the hold and afford him an

4            opportunity to respond;

5    2.)    In the alternative, order respondents to show cause why the writ should not issue;

6    3.)    For such other relief as this court deems just and proper.

7  Dated: October 30, 2007    at San Francisco, CA

8                                    Respectfully submitted,

9                                    THE LAW OFFICES OF STEPHEN SHAIKEN

10                        By:

11                        **VERIFICATION**

12      I, Stephen Shaiken, declare:

13      I am an attorney at law, duly admitted to practice before this court. I am attorney of record for

14  petitioner. Petitioner is incarcerated outside  of the county where I maintain my office, and for that

15  reason, I verify this petition on his behalf. I have reviewed the record below, the allegations and

16  arguments herein and believe them to be true.

17      I declare under penalty of perjury that the foregoing is true and correct.

18  Dated: October 30, 2007  at San Francisco, CA

19

20                                    Stephen Shaiken, Esq.

21

22

23

24

25

26

27

28                                    6

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Petitioner is a citizen and national of Vietnam who is subject to a final order of removal but who
3 cannot be removed. He has been charged with a pending criminal offense, and USICE placed a detainer
4 on him. As a result, he is prevented from seeking a meaningful release on bond during the pendency of
5 his case. The detainer is not authorized by statute or regulation and petitioner has been unable to obtain
6 any information as to why it has been placed or what he can do to have it lifted.

7      Detained aliens subject to a final order of removal where there is no reasonable likelihood of
8 release may seek release at any time. 8 C.F.R.§241.4(i)(7). When an alien is detained subject to a final
9 order of removal, the Department of Homeland Security/Immigrations and Customs Enforcement has six
10 months from the date of the final order to detain an alien where there is a reasonable possibility of
11 removal. 8 C.F.R. §241.13(b)(2)(ii) [standards for determining reasonable forseeability of removal are
12 set forth at 8 C.F.R. §241.13(f) The regulations also allow for detention where an alien is a threat to
13 national security or has committed a crime of violence. 8 C.F.R. §241.14.

14      These regulation were promulgated after the United States Supreme Court held in Zavdvydas v.
15 Davis, 533 U.S. 678, 687-88, 121 S.Ct. 2491, 2497-98 that an alien subject to a final order of removal
16 where there is no reasonable forseeability of removal may challenge indefinite detention by way of
17 petition for writ of habeas corpus as the writ was not abolished for such challenge. See also Ali v.
18 Gonzalez, 421 F.3d 795, 797 99th Cir. 2005) [while AEDPA and IIRAIRA have abolished habeas where
19 it challenge a final order of removal, challenge outside the order are allowed)

20      The regulations cited above contain a procedure by which an alien who is being detained while
21 awaiting execution of a final order of removal and who believes there is no foreseeable possibility of
22 removal may seek release by writing to the DHSHQPOD, a special unit established for such matters.
23 However, the Ninth Circuit has held that these regulations are ultra vires when applied to aliens who have
24 no foreseeable possibility of removal, as the statutes governing removability address only instances where
25 there is a foreseeable possibility. Tuan Thai v. Ashcroft, 366 F.3d 790; reh. den. 389 F..3d 967 (9th Cir.
26 2004) In this case, petitioner has already been found to be an alien whose removability is not reasonably
27 foreseeable, and was released accordingly. Therefore, the regulations do not apply to him.

28

1       Nevertheless, petitioner has attempted to find out why there is a hold and has offered to post a

2   reasonable bond if appropriate. Petitioner has been charged with a non violent offense to which he ahs

3   plead not guilty. He wishes to challenge detention in the criminal case and seek bond, but it is pointless

4   to do so as if he posts bond he will not be released but will be remanded to the custody of ICE because

5   of the hold.

6       Petitioner satisfies the custody requirement for habeas corpus because where there is a final order

7   of removal and detention, there is custody for purposes of habeas corpus. <u>Guti v. INS</u>, 908 F.2d 995 (9th

8   Cir. 1990) Petitioner also satisfies the legal basis for habeas, as the unexplained and apparently

9   unauthorized detainer violates his right to due process of law in that he is deprived of liberty without

10  notice or fair procedure to seek release, and it also violates his constitutional right to reasonable bail in

11  the criminal case.

12                           **CONCLUSION**

13      Petitioner, as a citizen and national of Vietnam, is a person whose removal is not reasonably

14  foreseeable.  He has been under an order of supervised release . The detainer is without authorization.

15  Petitioner should not be subject to a detainer.

16  Dated October 30,, 2007

17                                      Respectfully submitted,

18                                  THE LAW OFFICES OF STEPHEN SHAIKEN

19             By:

20                                  Stephen Shaiken, Esq.

21

22

23

24

25

26

27

28

**EXHIBIT A**

 1 │ McGREGOR W. SCOTT
   │ United States Attorney
 2 │ MARY L. GRAD
   │ Assistant U.S. Attorney
 3 │ 501 I Street, Suite 10-100
   │ Sacramento, California 95814
 4 │ Telephone: (916) 554-2763



**FILED**

FEB 2 2 2007



CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

 8 │            IN THE UNITED STATES DISTRICT COURT

 9 │            FOR THE EASTERN DISTRICT OF CALIFORNIA

10 │                              2 07 - CR - 0 0 5 9 IK ____

11 │ UNITED STATES OF AMERICA,        )  CR. NO.
                                      )
12 │                Plaintiff,        )  VIOLATIONS: 21 U.S.C. §§ 846 and
                                      )  841(a)(1) - Conspiracy to
13 │      v.                          )  Manufacture and Possess With
                                      )  Intent to Distribute Marijuana;
14 │ VAN HUNG VI,                     )  21 U.S.C. § 841(a)(1) -
   │ IVY JUNG TRAN,                   )  Manufacture of Marijuana
15 │ VAN HY VI,                       )
   │ VAN DAT VI, and                  )
16 │ TOMMY LY,                        )
   │                Defendants.       )
17 │ _____ )

18 │
19 │                        I N D I C T M E N T

20 │ COUNT ONE: [21 U.S.C. §§ 846 and 841(a)(1) - Conspiracy to
   │            Manufacture and Possess With Intent to Distribute
21 │            Marijuana]

22 │      The Grand Jury charges:  T H A T

23 │                          VAN HUNG VI,
   │                          IVY JUNG TRAN,
24 │                          VAN HY VI,
   │                          VAN DAT VI, and
25 │                          TOMMY LY

26 │ defendants herein, beginning at a time unknown to the Grand Jury,

27 │ but no later than in or about January 2007, and continuing

28 │ thereafter to on or about February 7, 2007, in the State and Eastern

                                    1

1  District of California, and elsewhere, did knowingly and

2  intentionally conspire with each other and with other persons

3  unknown to the Grand Jury, to manufacture and to possess with intent

4  to distribute at least 1000 marijuana plants, a Schedule I

5  controlled substance, in violation of Title 21, United States Code,

6  Sections 846 and 841(a)(1).

7  <u>COUNT TWO</u>: [21 U.S.C. § 841(a)(1) - Possession with Intent to
            Distribute Marijuana]

8

9      The Grand Jury further charges:  T H A T

10                        VAN HUNG VI,
                          IVY JUNG TRAN,
11                        VAN HY VI,
                          VAN DAT VI, and
12                        TOMMY LY ,

13  defendants herein, on or about February 7, 2007, in the State and

14  Eastern District of California, did knowingly and intentionally

15  possess with intent to distribute at least 100 marijuana plants, a

16  Schedule I controlled substance, in violation of Title 21, United

17  States Code, Section 841(a)(1).

18                                A TRUE BILL.

19

20                                /s/ Signature on file w/AUSA

                                  FOREPERSON

21

22

23  McGREGOR W. SCOTT
    United States Attorney

24

25

26

27

28

2

**EXHIBIT B**

LAW OFFICES OF STEPHEN SHAIKEN
170 COLUMBUS AVE., SUITE 100
SAN FRANCISCO, CALIFORNIA 94133-5102
(415) 248-1012
FAX (415) 248-0019

May 29, 2007

Juan Bustos, Supervisor
U.S. Department of Homeland Security
Immigration & Customs Enforcement
Deportation & Detention
630 Sansome Street, Fifth Floor
San Francisco, Ca 94111

Re:    Van Hung Vi
       A21 508 838

Dear Officer Bustos:

        We are informed that you are the officer responsible for the supervision of the above-referenced alien. If this is not the case, please present this letter to the appropriate officer or inform us of the name of that person and we will contact them directly.

        This office represents Mr. Vi, and our G-28 is attached.

        Mr. Vi is currently in custody in the Sacramento County Jail based on pending federal charges for marijuana cultivation. He has plead not guilty. He is unable to post bail on the federal case because of the hold placed by ICE.

        Mr. Vi has long been under an order of supervision because he is removable but cannot be removed to Vietnam as that nation does not accept its own citizens who have been ordered removed.

        Mr. Vi's criminal record in the U.S. consists of a 1983 manslaughter conviction when he was a juvenile and for which he was sentenced to the California Youth Authority at age seventeen. His only other conviction in the U.S. was a 2002 conviction for driving under the influence. He was arrested in 1986, 1987, and 1991, but those arrests all resulted in dismissals. He was granted diversion in a separate, which he successfully completed in 1999.

        Mr. Vi was convicted of a drug offense in Canada in 1987, for which he was sent to prison, and which resulted in a deportation order in the U.S., which caused him to be placed on supervision.

        Mr. Vi came to the U.S. from Vietnam with his family in 1979 as refugees, and was granted permanent residence in 1982.

Letter to ICE
Re: Van Hung Vi A21 508 838
May 29, 2007
Page Two


Mr. Vi is the father of a sixteen year old girl who lives in New York and form whom he provides support. His mother is a U.S. citizen, and he has four siblings in this country, three of whom are citizens and one of whom is a permanent resident.

All of the above facts should be substantiated by his A file, but if you need proof of any of these matters, feel free to contact this office.

Mr. Vi is eligible for release under the analytical framework set forth by the U.S. Supreme Court in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), requiring 90 day reviews of aliens who are in custody after having been removed but whose home country will not accept them. Although he has a criminal record, he currently poses neither a flight risk nor a danger to the community.

Mr. Vi would be willing to post bond as a condition of lifting the hold and to ensure his cooperation on supervision.   He would also accept other reasonable conditions.

Please contact the undersigned to discuss this matter as soon as possible.

Very truly yours,

THE LAW OFFICES OF STEPHEN SHAIKEN

By:

Stephen Shaiken, Esq.

SS:cn
enc

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Entry of Appearance
as Attorney or Representative**

Appearances - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. Availability of Records - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: Van Hung Vi | Date: 5/29/07 |
|---|---|
| | File No. A21 508 838 |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

Name:
Van Hung Vi

☐ Petitioner          ☒ Applicant
☐ Beneficiary

| Address: (Apt. No.) ICE hold- | (Number & Street) in custody-Sacramento County Jail | (City) | (State) | (Zip Code) |
|---|---|---|---|---|

Name:

☐ Petitioner          ☐ Applicant
☐ Beneficiary

| Address: (Apt. No.) | (Number & Street) | (City) | (State) | (Zip Code) |
|---|---|---|---|---|

*Check Applicable Item(s) below:*

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia
California                              Supreme Court
                                        *Name of Court*                              and am not under a court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with
the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (*If you check this item, also check item 1 or 2 whichever is appropriate.*)

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS |
|---|---|
| | 170 Columbus Avenue, Ste. 100 |
| | San Francisco, CA 94133 |
| NAME (Type or Print) Stephen Shaiken, Esq. | TELEPHONE NUMBER 415 248 1012 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*

_____
(Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

| Name of Person Consenting | Signature of Person Consenting | Date |
|---|---|---|
| | | |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ

Form G-28 (09/26/00)Y

**EXHIBIT C**

**DECLARATION OF COUNSEL**

I, Stephen Shaiken, declare:

1.)     I am an attorney at law, duly admitted to practice before this Court. I am attorney of record for petitioner on this petition.

2.)     I make this declaration upon personal knowledge, except where stated upon information and belief, and as to those matters, I believe them to be true. If called to testify as a witness i would testify as is set forth herein.

3.)     The same is true as to the averments in the petition.

4.)     Attached as Exhibit A is a copy of the indictment in petitioner's criminal case pending in the Eastern district of California, Sacramento.

5.)     Attached as Exhibit B is a letter I wrote to the deportation officer I was told was assigned to petitioner's case. I was given this information by the duty officer at USICE in San Francisco when I called. I sent the letter because my calls were not returned. I have never received a response to the letter.

I declare under penalty of perjury that the forgoing is true and correct.

Dated August 15, 2007 at San Francisco, CA

Stephen Shaiken, Esq.

9