SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VAN HUNG VI, | ) No. C 07-5527 CW |
| Petitioner, | ) |
| v. | ) **RESPONSE TO THIS COURT'S** |
| | ) **DECEMBER 18, 2007 ORDER TO SHOW** |
| NANCY ALCANTAR, Field Office Director, | ) **CAUSE** |
| United States Immigration and Customs Services | ) |
| (USICE); JANET L. MYERS, Assistant Secretary; | |
| MICHAEL CHERTOFF, Secretary, | ) |
| Department of Homeland Security, | ) |
| Defendants. | ) |

On February 22, 2007, Petitioner Van Hung Vi, a native and citizen of Vietnam, who is the subject of a final order of removal, was indicted on a federal drug charges in the Eastern District of California. *See* Verified Petition for Writ of Mandate (Petition) at 4; Exh. A. The United States Attorney's Office for the Eastern District of California sought remand and Petitioner is currently detained in the Sacramento County Jail. *See* Petition at 4.

On October 30, 2007, Petitioner filed this petition under 28 U.S.C. § 2241, seeking release

from detention.[1]  See Petition at 6.  On December 18, 2007, the Court issued an Order to Show Cause why the petition should not be granted.  Respondents hereby respond to the Court's December 18, 2007 order to show cause.  This petition should be dismissed for lack of jurisdiction.

To the extent Petitioner is challenging his final order of removal, this Court lacks jurisdiction to consider those claims.  *See* Immigration and Nationality Act (INA) § 242(a)(5), 8 U.S.C. § 1252(a)(5).[2]

To the extent Petitioner is challenging his custody in the Sacramento Jail pursuant to a criminal indictment issued by the Eastern District of California, the petition must be in the district in which a prisoner is incarcerated.  *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.1999).

To the extent Petitioner is challenging Respondents' lodging of an immigration detainer with the Sacramento County Jail, a petitioner is not considered in custody for purposes of a 8 U.S.C. § 2241 petition by virtue of Immigration and Customs Enforcement's decision to lodge a detainer with the prison where he is incarcerated.  *See Garcia-Echaverria v. United States*, 376 F.3d 507, 510-11 (6th Cir. 2004); *Zolicoffer v. United States Dep't of Justice*, 315 F.3d 538, 541 (5th Cir. 2003); *Orozco v. U.S.I.N.S.*, 911 F.2d 539, 541 (11th Cir.1990).[3]

Therefore, Petitioner has not established a basis for jurisdiction in this Court and the petition should be dismissed.

///

---

[1] This Court may entertain a petition for a writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

[2] 8 U.S.C. 1252(a)(5) reads: "Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act . . ."

[3] Any challenge to the validity of the immigration detainer is not reviewable by this Court. *See* 8 U.S.C. § 1252(g).

Response to Order to Show Cause
C07-5527 CW                                              2

Dated: December 27, 2007                    Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

_____/s/_____
ILA C. DEISS
Assistant United States Attorney

Response to Order to Show Cause
C07-5527 CW                    3