1  Stephen Shaiken, Esq.  Bar No. 90915
   LAW OFFICES OF STEPHEN SHAIKEN
2  170 Columbus Avenue, Suite 100
   San Francisco, CA 94133-5102
3  Telephone: (415) 248-1012
   Fax: (415) 248-0019
4
   Attorney for Petitioner Van Hung Vi
5
                    UNITED STATES DISTRICT COURT
6
                 NORTHERN DISTRICT OF CALIFORNIA
7
                         SAN FRANCISCO
8
                                        )
9  Van Hung Vi,                         )        District Ct. No. C 07 5527 CW:
                       Petitioner,       )        Agency No.: A21 508 838
10            vs.                        )
    Nancy Alcantar, Field Office Director, )        **TRAVERSE**
11  United States Immigration and        )
     Customs Services (USICE),           )
12   Janet L. Myers, Assistant Secretary )
    and Michael Chertoff, Secretary,     )
13   Department of Homeland Security      )
                                        )
14                   Respondents         )
                                        )
15

16

17      The petition for writ of habeas corpus was filed on October 30, 2007, and on December 18, 2007,

18 this Court ordered respondents to show cause within thirty days as to why the petition should not be

19 granted; petitioner was afforded thirty days to file a traverse.

20      On December 27, 2007, respondents filed a "Response to the Court's December 18, 2007 Order

21 to Show Cause." The pleading did not address the merits of the petitioner's claim, in that it did not justify

22 respondents' hold on petitioner. Instead, respondents urged this Court to dismiss the petition for lack

23 of jurisdiction. The purported lack of jurisdiction was stated as 1.) Petitioner is not in the custody of the

24 respondents because lodging an immigration detainer is not custody for habeas purposes; [1]   2.) The

25

26      [1] In support of this argument, respondents cite cases from the Fifth, Sixth and Eleventh Circuits

27 for the proposition that a detainer does not constitute custody for habeas purposes.  However, that is not

28                                         1

1  petition must be filed within the judicial district where petitioner is detained, which is Sacramento, the

2  Eastern District. [2] All other facts relied upon by respondents in their arguments were clear in the petition

3  and clear to the Court, which issued an Order to Show Cause, not a brief on jurisdiction.  If the Court

4  believed there were no jurisdiction, in view of an OSC, the court would have issued a dismissal.

5        Petitioner construes the government's pleading as an Answer, wherein they argue lack of

6  jurisdiction, and accordingly, this reply is properly termed a traverse, even though there are no specific

7  sworn allegations to refute.

8        However respondents' pleading is characterized, it is without merit and in the abence of any

9  substantial refutation of the claims in the petition, the writ should be granted and respondents ordered to

10  lift the hold.

11       One glaring problem with respondents' legal analysis is their confusion of jurisdiction and venue.

12       Prior to addressing the issues of custodian and venue, a brief comment is appropriate as to the

13  issue of custody.  The Government's claim that a detainer is not custody in immigration habeas cases is

14  incorrect.  They cite out-of-circuit cases, but ignore the law in the Ninth Circuit.  In this circuit, a mere

15  detainer letter may not constitute custody (Garcia v. Taylor, 40 F.3d 299 (1994), but the Circuit has never

16  resolved the issue (Guti v. INS, 908 F.2d 495 (9th Cir. 1990)[holding that a claim that a detainer is custody

17  is not frivolous].   Where there is a detainer and a final order, as here, then there is custody. Galaviz-

18  Medina v. Wooten, 27 F.3d 487, 492-93 (10th Cir. 1994); cert. den. 513 U.S. 1086 (!995); Ceballos de

19  Leon v Reno, 58 F. Supp. 2d 463, 469, n. 14 (D.N.J 1999). This circuit has held that where there is a

20  _____

21   the law in this Circuit.  As is argued herein, a detainer plus a final order of deportation, as is the case

22   here, has repeatedly been found to constitute custody. Additionally, this Circuit has held that there is no

23   controlling authority on the issue, b ut there is support for the argument that it is custody.

24       [2] Respondents also argued that there is no habeas jurisdiction to challenge a final order of

25   deportation, but as is crystal clear in the petition, it is not the final order that is being challenged in any

26   way. What Petitioner challenges is a detainer placed on him in apparent violation of Supreme Court

27   holdings and without legal basis.

28                                                    2

1  detainer and a warrant, there is custody.  Chung Young Chew, 309 F.2d 857, 865 (9th Cir. 1962) [cited

2  in Garcia v. Taylor].

3          Historically, habeas jurisdiction is not limited to the petitioner's place of confinement, but is

4  limited only by the court's jurisdiction over the custodian. Braden v 30th Judicial Circuit Ct., 410 U.S.

5  484, 485-95 (1973).  Here, this court has jurisdiction over the respondents, who have prosecuted the

6  deportation case against petitioner in this jurisdiction, and who maintain their offices in this jurisdiction,

7  and maintain their supervision of petitioner in this jurisdiction.

8          Habeas jurisdiction is proper over a custodian even if they are not physically present in this

9  jurisdiction, so long as the custodian is subject to the long arm jurisdiction of the court where the petition

10  is filed. Strait v. Laird, 406 U.S341, 345 (1972).  For the reasons stated in the petition and summarized

11  in the proceeding sentence, there is no question but that this Court has jurisdiction over respondents, long

12  arm and by physical presence.  Accordingly, jurisdiction is not an issue, and the proper  question is

13  whether this Court is a proper venue for the petition. See Runsfeld v Padilla, 542 U.S. 426,  121 S.

14  2711Ct. at 2728 (2004)

15          In  Rumsfeld v. Padilla, U.S.542 U.S. 426, 121 S.Ct. 2711 (2004), the Supreme Court

16  distinguished Strait v. Laird and Braden, supras, and held that where physical detention was being

17  challenged,, habeas must be brought against the immediate custodian and must be filed in the district

18  where the custodian is located.  There is no doubt that respondents are located in this jurisdiction through

19  the operation of their offices in San Francisco, and the central issue is whether they are immediate

20  custodians for habeas proses.

21          Padilla was no a case involving an alien, and thus it specifically declined to decide if its ruling

22  applied to persons in immigration custody "pending deportation" . 121 S.Ct 2718 n.8 .  On this issue,

23  there is a split among the circuits. The Ninth Circuit has held that while the question of who is a proper

24  respondent/custodian im immigration habeas cases in not clear, it held that the Attorney General (would

25  now be the Secretary of the Department of Homeland Security) , especially because the Attorney General

26  was a "unique decision maker". Ali v. Ashcroft, 346 F.3d 873; 887-88 (9th Cir. 2003) [citing Armentero

27  v. INS , F.3d (9th Cir )

28

1    Moving to the venue issue, it is noted that venue is generally resolved on issues such as the

2 ,location of the relevant records, the convenience of the parties, and the location of the events. So v. Reno,

3 251 F. Supp. 2d 1112, 1126-27 (E.D.N.Y. 2003).  Here, the official records of ICE are in San Francisco,

4 the decision to place a hold on him was made in San Francisco, the actual decision makers in this case

5 are based in San Francisco, and counsel for petitioner is located in San Francisco.  All venue factors

6 militate in favor of this district, and none in favor of any other district.  Post-Padilla cases have held that

7 ICE is a proper custodian and venue is proper even where petitioner is detained in a different jurisdiction

8 that the ICE offices. Parlak v. Baker, 374 F. Supp. 2d 551, 555-58 (C.D. Mich. 2005); Samir v. U.S., 354

9 F. Supp. 2d 215, 218-19 (E.D.N.Y. 2005).

10    Even if this court were to determine that the proper venue is Sacramento (Eastern District) solely

11 because that is where petitioner is detained, the remedy would be transfer, not dismissal; §242 of the

12 Immigration and Nationality Act, governing judicial review of immigration matters, allows transfer from

13 one district court to another. Simpson v. Ashcroft, 321 F. Supp. 13 (D.D.C. 2004)

14    Respondents' arguments in favor of dismissal for lack of jurisdiction- the only arguments they

15 make-are without support.  According, the petition for writ of habeas corpus should issue and respondents

16 ordered to release the hold.

17 Dated January 7, 2008 at San Francisco, CA

18                                        Respectfully submitted,

19                            THE LAW OFFICES OF STEPHEN SHAIKEN

20                By:        S/s shaiken

21                            Stephen Shaiken, Esq.

22

23

24

25

26

27

28                                        4