1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7              FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   VAN HUNG VI,

                                        No. C 07-5527 CW
10          Petitioner,

11      v.
                                        ORDER DENYING
12  NANCY ALCANTAR, Field Office        RESPONDENTS' MOTION TO
    Director, United States Immigration DISMISS AND DIRECTING
13  and Customs Services (USICE); JANET RESPONDENTS TO ANSWER
    L. MYERS, Assistant Secretary;      THE PETITION
14  MICHAEL CHERTOFF, Secretary,
    Department of Homeland Security,
15
            Respondents.
16  _____/

17

18

19      Petitioner Van Hung Vi is currently detained in the Sacramento

20  County Jail, where he awaits trial on pending federal criminal

21  charges.  After he was arrested on the current charges, United

22  States Immigration and Customs Enforcement (ICE) allegedly lodged a

23  detainer with the county jail.  Pursuant to this detainer, if

24  Petitioner is released from county custody, he allegedly will be

25  remanded to the custody of ICE.  This detainer is apparently based

26  on a final order of deportation that was issued against Petitioner

27

28

**United States District Court**
For the Northern District of California

"sometime after 1987 because of a Canadian drug conviction."[1]

However, Petitioner allegedly cannot be deported because his country of origin, Vietnam, will not accept him. For this reason, Petitioner now seeks a writ of habeas corpus compelling Respondents to withdraw the detainer. He argues that, because his removal is not reasonably foreseeable, his future detention will be indefinite and thus is not authorized by statute. See Zadvydas v. Davis, 533 U.S. 678 (2001).

On December 18, 2007, the Court ordered Respondents to file an answer to the allegations in the petition and showing cause why a writ should not issue. Respondents filed a "Response" to this order that the Court will construe as a motion to dismiss. The Response does not address the substantive allegations in the petition. Instead, it argues that the Court does not have jurisdiction to issue a writ because ICE's lodging the detainer with the county jail does not render Petitioner "in custody" for the purposes of the habeas statute, 28 U.S.C. § 2241. Petitioner counters that the detainer, combined with the existing final order of removal against him, satisfies the custody requirement.

The Ninth Circuit has held that a "bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available." Garcia v. Taylor, 40 F.3d 299, 303 (1994). However, in so holding, the court relied upon the fact that a detainer letter is "issued before there is a warrant or an order to

---

[1] Because Respondents have not addressed the substance of the petition and no party has submitted relevant documents, the Court cannot determine with certainty the nature of or the basis for the detainer.

2

show cause directed to the alien," and "merely advises that an investigation has been commenced and that an order to show cause and warrant will be issued when available." Id. The court also stated that "detainer plus a warrant does constitute a form of custody." Id.; see also Chew v. Boyd, 309 F.2d 857, 865 (9th Cir. 1962) (where "a warrant is obtained by the Service while the person named is in a penal institution, and on the basis thereof a detainer is lodged with that institution, the [INS] gains immediate technical custody").

Notably, in Garcia, the petitioner did not have a final order of removal against him, and thus the detainer letter "merely notifie[d] prison officials that a decision regarding his deportation [would] be made by the INS at some future date." 40 F.3d at 304 (quoting Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988)). The court noted that, if the INS were to initiate removal proceedings while the petitioner was still in custody on the criminal charge, "habeas corpus may well then be available." Id. Thus, Ninth Circuit precedent, while not conclusive, supports Petitioner's argument that the detainer filed with the county jail, taken together with the final order of removal against him, renders him in the custody of ICE for purposes of the habeas statute.

Case law from other circuits also supports Petitioner's position. In Galaviz-Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994), the Tenth Circuit noted that, because a final deportation order was in place in addition to a detainer, the INS's right to custody of the petitioner following the expiration of his prison term had been established conclusively. "Consequently, the INS

3

United States District Court
For the Northern District of California

[had] a more concrete interest in this alien than those cases which have concluded the detainer is insufficient to satisfy the custody requirement." The court concluded, "Since Appellant has a detainer plus a final order of deportation against him, . . . he is 'in custody' of the INS for purposes of habeas review." <u>Id.</u> Similarly, in <u>Simmonds v. INS</u>, 326 F.3d 351, 354-56 (2d Cir. 2003), the Second Circuit held that any petitioner who is subject to a final order of removal is "in custody" for purposes of § 2241, even if that order cannot be executed because the petitioner is in state custody at the time.

Even the cases cited by Respondents support Petitioner's argument. In <u>Garcia-Echaverria v. United States</u>, 376 F.3d 507 (6th Cir. 2004), the Sixth Circuit stated:

> [A]t the time Garcia-Echaverria filed his § 2241 petition, the INS had already reinstated Garcia-Echaverria's prior Final Order of Removal. The IIRIRA requires the INS to take custody of and commence procedures to execute the removal of an alien who is subject to a final order of removal based upon a conviction for an "aggravated felony." This requirement was strong evidence of the DHS's intention to take custody of Garcia-Echaverria immediately following the conclusion of his sentence, and thus satisfies the custody requirement for a § 2241 petition. Because Garcia-Echaverria was in INS custody at the time he filed his habeas petition challenging the constitutionality of his confinement, the district court had jurisdiction pursuant to 28 U.S.C. § 2241.

<u>Id.</u> at 511 (citations omitted). In <u>Zolicoffer v. U.S. Dep't of Justice</u>, 315 F.3d 538, 541 (5th Cir. 2003), the Fifth Circuit held that the petitioner could not satisfy the custody requirement simply by showing that the INS had lodged a detainer against him. However, the court's decision depended on the fact that the petitioner did "not contend that the INS actually [had] ordered his

4

deportation." Id. Likewise, in Orozco v. INS, 911 F.2d 539, 541 (11th Cir. 1990), the Eleventh Circuit based its finding that the petitioner was not "in custody" on the fact that the INS had "not yet commenced proceedings to determine deportability but [had] merely lodged a detainer. The filing of the detainer, standing alone, did not cause Orozco to come within the custody of the INS."

Unlike in Garcia, ICE has not simply signaled a future intent to determine whether Petitioner is removable; it apparently intends to take Petitioner into custody in order to execute the final order of removal already issued against him. His case is thus more similar to Galaviz-Medina, Simmonds and Garcia-Echaverria. The Court follows those cases in concluding that it has jurisdiction over this petition.[2]

For the foregoing reasons, Respondents' motion to dismiss is DENIED. Respondents are ordered to file with the Court and serve on Petitioner and his counsel, within fourteen days of this order, an answer responding on the merits to the allegations in the petition and showing cause why a writ of habeas corpus should not be issued. Respondents must file and serve with the answer a copy of all documents that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he must do so by filing a traverse within seven days of

---

[2]Respondents also argue that, "to the extent Petitioner is challenging his custody in the Sacramento Jail pursuant to a criminal indictment issued by the Eastern District of California, the petition must be in the district in which a prisoner is incarcerated." Petitioner, however, is not challenging his present custody in the county jail -- he is challenging the ICE detainer. Thus, the Court does not construe Respondents' motion as arguing that venue is improper.

United States District Court
For the Northern District of California

1  receipt of the answer.

2      IT IS SO ORDERED.

3

4  Dated: 4/4/08

_____
CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California