JOSEPH P. RUSSONIELLO, CSBN 44332
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7124
   FAX: (415) 436-7169

Attorneys for Respondents

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| VAN HUNG VI, | No. C 07-5527 CW |
|     Petitioner, | |
| v. | **ANSWER AND RESPONSE TO THIS COURT'S APRIL 4, 2008 ORDER; DECLARATION OF JAMES M. VAUGHN** |
| NANCY ALCANTAR, Field Office Director, United States Immigration and Customs Services (USICE); JANET L. MYERS, Assistant Secretary; MICHAEL CHERTOFF, Secretary, Department of Homeland Security, | |
|     Respondents. | |

I. OVERVIEW

Petitioner Van Hung Vi (Petitioner), a native and citizen of Vietnam, who has an extensive criminal history, who is the subject of a final order of deportation, and who was out of immigration custody on a immigration Delivery Bond, was indicted on February 22, 2007, on federal drug charges in the Eastern District of California. *See* Declaration of Ila C. Deiss (Deiss Decl.), Exh. A. A United States Magistrate Judge ordered Petitioner detained pursuant to 18 U.S.C. § 3142(f), finding, among other things, that Petitioner had a significant prior criminal record, no known family ties in the area, was a flight risk and a risk to the community. Deiss Decl., Exh. B. On June 29, 2007, a detainer was placed on Petitioner by Immigration and Customs Enforcement (ICE) and the Office of Detention and Removal Operations (DRO).

Declaration of James M. Vaughn (Vaughn Decl.), ¶ 3.

On October 30, 2007, Petitioner filed this petition under 28 U.S.C. § 2241, seeking an order compelling "respondents to release petitioner." *See* Petition at 6.[1] On December 18, 2007, the Court issued an Order to Show Cause why the petition should not be granted. Respondents countered, arguing that the Court lacked habeas jurisdiction over Petitioner's claims because he was not in ICE/DRO "custody". On April 4, 2008, the Court construed the response as a Motion to Dismiss, denied the motion, and directed Respondents to answer and respond to the petition for a writ of habeas corpus. *See* April 4, 2008 Order at 5. Petitioner's claims should be dismissed as unripe for review or denied.

## II.  BACKGROUND

Petitioner was ordered removed to Vietnam in 1994. Vaughn Decl., ¶ 4. In June 1995, Petitioner was released from ICE/DRO custody on a $5,000 Delivery Bond.[2] Deiss Decl., Exh C; Vaughn Decl., ¶ 4. In March 2006, ICE/DRO sent Petitioner a Demand Letter directing him to present himself to ICE for an interview. Vaughn Decl., ¶ 4. ICE/DRO sent Petitioner two more Demand Letters directing him to appear before ICE for an interview in January and April 2007. Vaughn Decl., ¶ 4. In June 2007, ICE/DRO discovered that Petitioner was incarcerated at the Sacramento County Jail on federal drug charges and issued a Detainer.[3] *Id.* In July 2007, the immigration Delivery Bond was cancelled because pet had violated its terms. *Id.*

---

[1] This Court construed the petition as challenging the detainer. *See* April 4, 2008 Order at, n.2.

[2] When an alien is released from custody on a Delivery Bond, he or she is informed that at any time a demand is made to present himself or herself to the agency, they must do so. Vaughn Decl., ¶ 5. Failure to appear may cause forfeiture of the Delivery Bond and would result in the alien being taken back into ICE/DRO custody. *Id.* If an alien is released under an order of supervision, most importantly the alien cannot violate any local, state, or federal laws, and the alien must report to the agency when directed to do so. *Id.*

[3] Whenever an alien is located in a penal facility, ICE/DRO places a detainer on the alien in order to ensure that the alien is transferred to ICE/DRO custody before he or she is released into the community. Vaughn Decl., ¶ 5. A detainer is put into place to track the alien in case travel documents become available and his or removal is viable, country conditions change, and the alien's conduct may render the alien a danger to the general public. *Id.*

Meanwhile, in February 2007, Petitioner was indicted in the Eastern District of California United States District Court for conspiracy to manufacture and possess with intent to distribute over 1000 plants of marijuana. Deiss Decl., Exh. A. A United States Magistrate Judge denied Petitioner's initial request for bail. Deiss Decl., Exh.B. A United States Magistrate Judge denied Petitioner's second request to be release on bail in March 2007, finding among other things that Petitioner's offense involves a narcotic drug, that Petitioner has a violent criminal record and that Petitioner is an illegal alien, subject to deportation. Deiss Decl., Exh. D. The criminal proceedings are ongoing in the United States District Court for the Eastern District of California, Sacramento. *See USA v. Vi*, 07-cr-00059 LKK (E.D.Cal.).

### III. ARGUMENT

**A. Legal Standard**

This Court may entertain a petition for a writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

**B. Petitioner's Claims Should Be Dismissed As They Are Not Prudentially Ripe or Denied**

The Court construed Petitioner's claim as challenging only the immigration detainer placed on Petitioner, not his physical custody is the Sacramento County Jail. *See* April 4, 2008 Order at 5, n.2. Respondents agree with the Court that Petitioner's claims are likened to those of the petitioner in *Simmonds v. INS*, 326 F.3d 351 (2d Cir. 2003). *See* April 4, 2008 Order at 4-5. Petitioner's claims are not ripe for review.

"In the context of administrative actions, the prudential aspect of the ripeness doctrine is well-settled: whether administrative action is ripe requires the court to evaluate (1) the fitness of the issues for judicial decision; and (2) the hardship to the parties of withholding court consideration." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 670 (9th Cir. 2005) (citing *Abbott Labs. v. Gardner,* 387 U.S. 136, 148-49 (1967), *overruled on other grounds by Califano v. Sanders,* 430 U.S. 99, 105 (1977)). In *Western Oil & Gas Ass'n v. Sonoma County,* the Ninth Circuit held that in order to meet the hardship element of the *Abbott Labs* standard a litigant must show that "withholding review would result in 'direct and immediate' hardship and would entail more than

1  possible financial loss." 905 F.2d 1287, 1291 (9th Cir. 1990).

2  "The doctrine of ripeness is intended 'to prevent the courts, through avoidance of premature
3  adjudication, from entangling themselves in abstract disagreements over administrative policies,
4  and also to protect the agencies from judicial interference until an administrative decision has been
5  formalized and its effects felt in a concrete way by the challenging parties.'" *Trustees for Alaska*
6  *v. Hodel*, 806 F.2d 1378, 1381 (9th Cir.1986) (quoting *Abbott Laboratories,* 387 U.S. at 148-49).

7  "[W]hen a court declares that a case is not *prudentially* ripe it means that the case will be
8  *better* decided later and that the parties will not have constitutional rights undermined by the
9  delay. It does not mean that the case is not a real or concrete dispute affective cognizable current
10 concerns of the parties within the meaning of Article III." *Simmonds*, 326 F.3d at 357 (emphasis
11 added in original).

12 In *Simmonds,* the Court of Appeals for the Second Circuit held that even though the claims
13 alleged by the petitioner, a state prisoner serving an indeterminate life sentence, in his writ of
14 habeas corpus presented a live case or controversy and were constitutionally ripe, the claims would
15 be better resolved at a time closer to the petitioner's parole, and were, as a prudential matter, not
16 ripe for review. *Id.* at 361. The Petitioner's habeas petition should be dismissed because, like the
17 petitioner in *Simmonds*, waiting to render a decision in this case will allow the court to "(a)
18 increase the chance that the proper law is applied to [Petitioner's] claims, (b) reduce the chance
19 that multiple habeas proceedings will occur, and (c) save [this] court from issuing a decision that
20 may turn out to be unnecessary, and because (d) [Petitioner] has not demonstrated that he would be
21 harmed by our delaying a decision." *Id.* at 359.

22 Petitioner's challenge to the detainer is not fit for judicial determination. "[F]itness analysis
23 'is concerned with whether the issues sought to be adjudicated are contingent on future events or
24 may never occur.'" *Simmonds*, 326 F.3d at 359, (quoting *Issacs v. Bowen*, 865 F.2d 468, 478 (2nd
25 Cir. 1989). In *Simmonds*, the Court found that uncertainty existed as to Simmonds's parole,
26 specifically over "'whether or when' Simmonds [would] be detained by the INS and the removal
27 order against him [would be] executed ," finding both of these factors to "reduce the adjudicative
28 fitness of the issues" he raised. *Id.* at 360. It is likely that resolution of Petitioner's claim will not

be necessary in the future because it may become clear that "parole will never be granted." *Id.*

Moreover, withholding of review over Petitioner's claims will not "result in 'direct and immediate' hardship" *Western Oil*, 905 F.2d at 1291.  In *Simmonds*, the petitioner's "first opportunity for release on parole [was found to be] ten years in the future," therefore the Second Circuit found that their decision to dismiss the case for lack of ripeness "in no way put[] him at risk of suffering unnecessary detention." 326 F.3d at 361.  Here, the Petitioner has been indicted for violation of 21 U.S.C. §§ 841, 846, an offense involving a large amount of controlled substances, here over 1600 marijuana plants.  Deiss Decl., Exh. A.  This offense carries with it a minimum term of 10 years imprisonment.  *Id.*  The Magistrate Judge has made an independent determination that Petitioner should remain detained because of Petitioner's criminal history and because of the nature of Petitioner's current charges.  Deiss Decl., Exh. D.  ICE/DRO custody because of the detainer is prognostic at this point.

In the alternative, Petitioner has presented no evidence to show that the imposition of the detainer is an any way unlawful and the petition should be denied.  Petitioner was out on a ICE/DRO delivery bond when he committed these most recent crimes.  Vaughn Decl., ¶ 4.  That bond was cancelled and ICE/DRO placed a detainer so that they are informed should Petitioner be released into the community.  Petitioner is already the subject of a final order of removal and should travel documents become available or should country conditions change, ICE/DRO can remove the alien.  Vuaghn Decl., ¶ 5. The petition should be denied.

## IV.  CONCLUSION

For the foregoing reasons, Petitioner's claims should be dismissed as unripe or denied.

Dated: April 18, 2008                                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


_____/s/_____
ILA C. DEISS
Assistant United States Attorney
Attorneys for Respondents

Answer and Response to Order to Show Cause
C07-5527 CW                                       5