I, James M. Vaughn, being duly sworn, do hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge:

1. I am an Assistant Field Office Director with The United States Department of Homeland Security, Immigration and Customs Enforcement, the Office of Detention and Removal Operations (ICE/DRO) and have been so employed since 1996. I am currently assigned to the San Francisco Field Office.

2. This statement is made in support of an ICE/DRO detainer placed on a Vietnamese national, Van Hung Vi, A 21 508 838, while he is in state custody.

3. On June 29, 2007, an ICE/DRO detainer was placed on Mr. Vi who was found to be incarcerated at the Sacramento County Jail due to an arrest by the Drug Enforcement Administration (DEA).

4. The Subject was ordered deported to Vietnam by an Immigration Judge on July 5, 1994.
    a. On June 8, 1995, the Subject was released from ICE/DRO custody on a $5,000.00 Delivery Bond.
    b. On November 2, 1998, ICE/DRO received notice that a Travel Document had not been issued by the Government of Vietnam.
    c. On March 24, 2006, ICE/DRO sent a Demand Letter (Form I-340) for the Subject to present himself for interview.
    d. On January 13, 2007, ICE/DRO sent out another Demand Letter (Form I-340) for the Subject to present himself on February 14, 2007.
    e. On April 20, 2007, ICE/DRO sent a Demand Letter (Form I-340) for the Subject to present himself for interview on May 29, 2007.
    f. The Subject failed to appear on any of the Demand dates.
    g. On June 28, 2007, it was discovered that the Subject was incarcerated at the Sacramento County Jail.
    h. On July 12, 2007, the Subject's Delivery Bond was cancelled.

5. When an alien in Mr. Vi's situation is released from custody on a Delivery Bond, he or she is informed that any time a demand is made to present him- or herself, he or she must appear on the date that is ordered on the Demand Letter (Form I-340). Failure to appear may cause forfeiture of the Delivery Bond and result in the alien being taken back into ICE/DRO custody. If an alien is released upon an Order of Supervision, certain conditions may be imposed, each of which is explained to the alien prior to release. Two of the most important conditions are (1) that the alien will not violate any local, state, or federal laws, and (2) that the alien must report as ordered. Failure to do either may result in the revocation of the order. Regardless of release, ICE/DRO continues to pursue the issuance of Travel Document from the country of origin for that

alien. In the event that a Travel Document is not readily available, ICE/DRO will perform a Post Order Custody Review to determine whether the alien can be released, with similar conditions already described. Whenever an alien is located in penal facility, ICE/DRO places a detainer on the Subject in order to ensure that the alien is transferred to ICE/DRO custody before he or she is released into the community. A detainer is placed for multiple reasons, including: a Travel Document might now be available and ICE/DRO may now be able to execute the Removal Order issued by the Immigration Judge or Board of Immigration Appeals; country conditions may have changed so that removal is now possible; or the alien's criminal conduct might render him or her a danger to the general public.

*[signature]*
James M. Vaughn
AFOD, ICE/DRO
April 7, 2008