# EXHIBIT A

```
1  McGREGOR W. SCOTT
   United States Attorney
2  MARY L. GRAD
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2763
```

FILED

FEB 22 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

2:07-CR-0059 LKK

| UNITED STATES OF AMERICA, | ) CR. NO. |
|---|---|
| Plaintiff, | ) VIOLATIONS: 21 U.S.C. §§ 846 and 841(a)(1) - Conspiracy to |
| v. | ) Manufacture and Possess With Intent to Distribute Marijuana; |
| VAN HUNG VI, IVY JUNG TRAN, VAN HY VI, VAN DAT VI, and TOMMY LY, | ) 21 U.S.C. § 841(a)(1) - Manufacture of Marijuana |
| Defendants. | ) |

## I N D I C T M E N T

<u>COUNT ONE</u>: [21 U.S.C. §§ 846 and 841(a)(1) - Conspiracy to Manufacture and Possess With Intent to Distribute Marijuana]

The Grand Jury charges:   T H A T

VAN HUNG VI,
IVY JUNG TRAN,
VAN HY VI,
VAN DAT VI, and
TOMMY LY

defendants herein, beginning at a time unknown to the Grand Jury, but no later than in or about January 2007, and continuing thereafter to on or about February 7, 2007, in the State and Eastern

1

District of California, and elsewhere, did knowingly and intentionally conspire with each other and with other persons unknown to the Grand Jury, to manufacture and to possess with intent to distribute at least 1000 marijuana plants, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

<u>COUNT TWO</u>: [21 U.S.C. § 841(a)(1) - Possession with Intent to Distribute Marijuana]

The Grand Jury further charges: T H A T

VAN HUNG VI,
IVY JUNG TRAN,
VAN HY VI,
VAN DAT VI, and
TOMMY LY ,

defendants herein, on or about February 7, 2007, in the State and Eastern District of California, did knowingly and intentionally possess with intent to distribute at least 100 marijuana plants, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

A TRUE BILL.

/s/ Signature on file w/AUSA
FOREPERSON

McGREGOR W. SCOTT
United States Attorney

2

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA
vs.

VAN HUNG VI;
IVY JUNG TRAN;
VAN HY VI;
VAN DAT VI; AND
TOMMY LY

## INDICTMENT

**VIOLATION(S):** 21 U.S.C. §§ 846 and 841(a)(1) - CONSPIRACY TO MANUFACTURE AND POSSESS WITH INTENT TO DISTRIBUTE MARIJUANA; 21 U.S.C. § 841(a)(1) - POSSESSION WITH INTENT DISTRIBUTE MARIJUANA

*A true bill,*

/s/ _____ *Foreman.*

*Filed in open court this* __22nd__ *day*

*of* __February__, A.D. 20 __07__

_____ M. Cage _____ *Clerk.*

*Bail, $* __No process necy__ [signature]

GPO 863 525

2:07-CR-0059 LKK

## PENALTY SLIP

**Defendants:** Van Hung Vi; Ivy Jung Tran; Van Hy Vi; Van Dat Vi, and Tommy Ly.

**COUNT ONE**

**VIOLATION:** 21 U.S.C. §§ 846 and 841(a)(1) - Conspiracy to Manufacture and Possess with Intent to Distribute at Least 1,000 Plants of Marijuana

**PENALTY:** Not more than $4,000,00 fine, or
Not less than 10 years to life imprisonment, or both
At least 5 years of supervised release

**Defendants:** Van Hung Vi; Ivy Jung Tran; Van Hy Vi; Van Dat Vi, and Tommy Ly.

**COUNT TWO**

**VIOLATION:** 21 U.S.C. § 841(a)(1) - Manufacturing at Least 100 Plants of Marijuana

**PENALTY:** Not more than $2,000,00 fine or
Not less than 5 years to 40 years imprisonment, or both
At least 5 years of supervised release

**PENALTY ASSESSMENT:** $100.00 Special Assessment (each count)

2:07-CR-0059 LKK

# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,            )
                                     )
                    Plaintiff,       )   No. 2:07-mj-46 KJM
                                     )
        v.                           )
                                     )
                                     )   **DETENTION ORDER**
VAN HUNG VI,                         )
                                     )
                    Defendant.       )
_____)

A.  Order For Detention
    After conducting a further detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (i)

B.  Statement Of Reasons For The Detention
    The Court orders the defendant's detention because it finds:
    _X_ By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.
    _X_ By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

C.  Findings Of Fact
    The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:
    _X_    (1) Nature and Circumstances of the offense charged:
        _X_    (a)  The crime: 21 U.S.C. §§ 841, 846
        ___    (b) The offense is a crime of violence.
        ___    (c) The offense involves a narcotic drug.
        _X_    (d) The offense involves a large amount of controlled substances (1600+ marijuana plants)
    ___    (2) The weight of the evidence against the defendant is high.
    _X_    (3) The history and characteristics of the defendant including:
            (a)     General Factors:
                ___ The defendant appears to have a mental condition which may affect whether the defendant will appear.
                _X_ The defendant has no known family ties in the area.
                _X_ The defendant has no known steady employment.
                _X_ The defendant has no known substantial financial resources.
                ___ The defendant is not a long time resident of the community.
                _X_ The defendant does not have any known significant community ties.
                ___ Past conduct of the defendant: prior probation violation (1982)
                ___ The defendant has a history relating to drug abuse.
                _X_ The defendant has a significant prior criminal record.
                ___ The defendant has a prior record of failure to appear at court proceedings

Whether the defendant was on probation, parole, or release by a court;
   At the time of the current arrest, the defendant was on:
   _X_ Probation(state DUI)
   ___ Parole
   ___ Release pending trial, sentence, appeal or completion of sentence.

   (b)   Other Factors:
         ___ The defendant is an illegal alien and is subject to deportation.
         ___ The defendant is a legal alien and will be subject to deportation if convicted.
         _X_ Other: Immigration status unknown; born in Vietnam.

_X_ (4) Rebuttable Presumptions
In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:
   ___ a. (1) The crime charged is one described in § 3142(f)(1) viz.
      ___ (A) a crime of violence; or
      ___ (B) an offense for which the maximum penalty is life imprisonment or death; or
      ___ (C) a controlled substance violation that has a maximum penalty of ten years or more; or
      ___ (D) a felony and defendant previously was convicted of two or more of the offenses described in (A) through (C) above and
   (2) Defendant previously has been convicted of one of the crimes listed in subparagraph (1)(A)-(C), above and
   (3) The offense referred to in subparagraph (2) was committed while defendant was on release pending trial and
   (4) Not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).
   _X_ b. There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed
      _X_ in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,
      ___ the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq.,
      ___ the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or
      ___ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.
      ___ an offense under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

D.   Additional Directives
Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:
   The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and
   The defendant be afforded reasonable opportunity for private consultation with his counsel; and
   That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED:   __2/21/07__

_____
U.S. MAGISTRATE JUDGE

# EXHIBIT C

Case 4:07-cv-05527-CW   Document 11-2   Filed 04/18/2008   Page 9 of 14

**U.S. Department of Justice**
Immigration and Naturalization Service

Notification to Alien of Conditions of Release or Detention

---

VI Van, Hung
Name
(Nombre)

A21 508 838
File Number
(Número del Registro)

## NOTIFICATION TO ALIEN OF CONDITIONS OF RELEASE OR DETENTION
(AVISO AL EXTRANJERO SOBRE LAS CONDICIONES DE SU DETENCION O PUESTA EN LIBERTAD)

Pursuant to the authority of Part 242.2, Title 8, Code of Federal Regulations, an authorized officer has determined that, pending a final determination of deportability in your case, and, in the event you are ordered deported, until your departure from the United States is effected, but not to exceed six months (except in the case of an alien convicted of an aggravated felony) from the date of the final order of deportation under administrative processes, or from the date of the final order of the court if judicial review is had, you shall be:

De acuerdo con lo dispuesto en la Parte 242.2 del Título 8, Código de Reglamentos Federales, un funcionario autorizado ha decidido que, mientras se llega a una decisión definitiva con respecto a su deportación y, en el caso de que se ordene la misma, hasta que tenga lugar su salida de los Estados Unidos, pero que no exceda más de seis meses (salvo en el caso de un extranjero condenado por un delito grave con agravantes) después de la fecha de la orden definitiva de deportación por trámites administrativos, o a partir de la fecha definitiva de la orden del tribunal, de haber revisión judicial, Usted sea:

__X__ Detained in the custody of this Service  
(Detenido bajo la custodia del Servicio)

_____ Released on an Order of Recognizance (Form I-220A)  
(Puesto en libertad en virtud de una Orden de Obligación de Comparecer) (Formulario I-220A)

__X__ Released under bond in the amount of  $5,000.00  
(Puesto en libertad bajo fianza por la cantidad de)

You may accept this custody determination or you may request a redetermination by an immigration judge.
(Usted puede aceptar esta decisión de custodia o solicitar que el juez de inmigración tome otra decisión).

I do _____ do not _____ request redetermination of the custody decision by an immigration judge.
(Solicito)   (no solicito)   (que el juez de inmigración determine de nuevo acerca de esta decisión de custodia).

X Vi Van Hey
Signature of respondent
(Firma del demandado)

6-8-95
Date
(Fecha)

---

### CERTIFICATE OF SERVICE

Served at  SPC/ECC  on  6/7/95 , 19_____ at _____ a.m./p.m.

Eugene Parra
Signature of Officer/Employee

Deportation Officer
Title of Officer/Employee

---

### RESULT OF CUSTODY REDETERMINATION

On  June 08, 1995 , 19_____, custody status/conditions for release were reconsidered by:

[ ] Immigration Judge (EOIR)    [X] District Director    [ ] Board of Immigration Appeals

The results of the redetermination/reconsideration are:

[ ] No Change-Original determination upheld.  
[X] Detain in custody of this Service  
[X] Bond amount reset to $ 5,000.00  

[ ] Release-Order of Recognizance (I-220A).  
[ ] Release-Personal Recognizance.  
[/] Other: _____

Hector Najera   Officer In Charge
Signature/Title

---

Form I-286 (Rev. 6-12-92) N

## UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
1115 N. Imperial Avenue
El Centro, CA 92243

**UNDER DOCKET CONTROL AT SFR**
HUNG VAN VI
743 GREENWICH
SAN FRANCISCO, CA. 94133

FAR WEST INS. GONZALES & GONZALES (OBLIGOR)
412 COMMERCIAL ST.
LOS ANGELES, CA. 90012

ECC-S-866

FILE NO: A21 508 838

DATE: JUNE 8, 1995

Dear Sir/Madam:

Your case is set at the date, time and address shown below. Even if you have requested a transfer, you must appear unless you receive written notice from the Executive Office of Immigration Review that your case has been transferred. You must also keep that office advised of any change in your address.

If you do not appear for hearing when notified to do so, three actions may be taken: (1) hearing will be held in your absence; (2) the money paid for your bond will be kept by the Service; or (3) a warrant for your arrest shall be issued.

BY PERSONAL SERVICE ON RESPONDENT

DATE: _____

_____
DETENTION OFFICER

Sincerely,

_____
Deportation Officer
El Centro, CA
FOR:
MARK K. REED
District Director
San Diego, CA

Place of hearing:   Office of the Immigration Judge
                    630 Sansome Street
                    San Francisco, CA 94110

***YOU HAVE A FINAL ORDER OF DEPORTATION. YOU ARE BEING RELEASED ON BOND PENDING
ARRANGEMENTS FOR A TRAVEL DOCUMENT. ANY CORRESPONDENCE ON YOUR CASE WILL BE FORWARD
TO THE ABOVE ADDRESS.

*NOTE:    You may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Immigration and Naturalization Service. If you wish to be represented, your attorney or representative should appear with you at the hearing.

Released on $ 5,000    Bond Posted at ECC/DM    on 06/08/95  nc
Form: I-293 (Rev. 05/09/88)    MESSAGE: PREPAID TICKET AT GREYHOUND. PHONE FAMILY
                                UPON RELEASE  (415) 467-5069.

# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA



FILED

MAR 15 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )  CR.S-07-0059-LKK |
| | ) |
| v. | ) |
| | ) |
| | )  **DETENTION ORDER** |
| VAN HUNG VI, | ) |
| | ) |
| Defendant. | ) |

A.  Order For Detention
   After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (1)

B.  Statement Of Reasons For The Detention
   The Court orders the defendant's detention because it finds:
   ☒ By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.
   ☒ By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

C.  Findings Of Fact
   The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:
   ☐ (1) Nature and Circumstances of the offense charged:
      ☐ (a) The crime._____
      ☐ (b) The offense is a crime of violence.
      ☒ (c) The offense involves a narcotic drug.
      ☐ (d) The offense involves a large amount of controlled substances.
   ☐ (2) The weight of the evidence against the defendant is high.
   ☒ (3) The history and characteristics of the defendant including:
      (a)   General Factors:
         ☐ The defendant appears to have a mental condition which may affect whether the defendant will appear.
         ☐ The defendant has no known family ties in the area.
         ☐ The defendant has no known steady employment.
         ☒ The defendant has no known substantial financial resources.
         ☐ The defendant is not a long time resident of the community.
         ☐ The defendant does not have any known significant community ties.
         ☒ Past conduct of the defendant: _Violent criminal history_
         ☐ The defendant has a history relating to drug abuse.
         ☒ The defendant has a significant prior criminal record.
         ☐ The defendant has a prior record of failure to appear at court proceedings.

☐ Court/Original    ☐ U.S. Attorney    ☐ Defense Counsel    ☐ Pretrial Services

Whether the defendant was on probation, parole, or release by a court;
At the time of the current arrest, the defendant was on:
- ☐ Probation
- ☐ Parole
- ☐ Release pending trial, sentence, appeal or completion of sentence.

(b) Other Factors:
- ☒ The defendant is an illegal alien and is subject to deportation.
- ☐ The defendant is a legal alien and will be subject to deportation if convicted.
- ☒ Other: _Immigration hold_

☐ (4) Rebuttable Presumptions
In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:
- ☒ a. (1) The crime charged is one described in § 3142(f)(1) viz.
  - ☐ (A) a crime of violence; or
  - ☐ (B) an offense for which the maximum penalty is life imprisonment or death; or
  - ☒ (C) a controlled substance violation that has a maximum penalty of ten years or more; or
  - ☐ (D) a felony and defendant previously was convicted of two or more of the offenses described in (A) through (C) above and
  - (2) Defendant previously has been convicted of one of the crimes listed in subparagraph (1)(A)-(C), above and
  - (3) The offense referred to in subparagraph (2) was committed while defendant was on release pending trial and
  - (4) Not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).
- ☒ b. There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed
  - ☒ in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,
  - ☐ the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq.,
  - ☐ the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or
  - ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.
  - ☐ an offense under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

D. Additional Directives
Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:
   The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and
   The defendant be afforded reasonable opportunity for private consultation with his counsel; and
   That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED: _March 15, 2007_                                      _[signature]_
                                                    UNITED STATES MAGISTRATE JUDGE