Stephen Shaiken, Esq.
LAW OFFICES OF STEPHEN SHAIKEN
170 Columbus Avenue, Ste. 100
San Francisco, CA 94133-5102
Tel: (415) 248-1012 Fax: (415) 248-0019

Attorney for Petitioner
Van Hung Vi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| Van Hung Vi,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Nancy Alcantar, Field Office Director,<br>United States Immigration and<br>Customs Services (USICE),<br>Janet L. Myers, Assistant Secretary,<br>and Michael Chertoff, Secretary,<br>Department of Homeland Security<br><br>　　　　Respondents | District Ct. No. C 07 5527 CW<br>Agency No.: A21 508 838<br><br>**TRAVERSE TO ANSWER** |

　　　In their answer to the petition, respondents proffer information which they had previously declined to provide to petitioner. Respondents do not dispute petitioner's contention that as an alien under a final order of deportations which cannot presently be effected, he may not be detained, and certainly not indefinitely, unless they pose flight risk or a danger to the community. In this case, respondents now state that the ICE detainer at issue was placed because petitioner failed to appear at ICE offices when requested because he was in custody on the criminal case currently pending in Sacramento, and because of the new charges. Respondents also state that the failure to appear for the interview constituted a breach of the bond upon which petitioner had been release when ICE acknowledged that the could not be removed to Vietnam.

　　　The issue remaining is whether the ICE hold is improper and whether it has any effect on the

1 petitioner's custody status. Respondents argue that the petitioner is detained on the criminal charges
2 irrespective of the ICE detainer, and that in any event, his failure to appear from the interview could have
3 resulted in his being taken into ICE custody. Petitioner argues that the ICE detainer precluded him from
4 a meaningful detention hearing and that the detention order was not issued following a contested hearing,
5 as petitioner's criminal defense counsel wisely determined that it was folly to seek bail with the ICE
6 detainer as even if posted, petitioner would remain in custody on the ICE detainer.

7 Under the Supreme Court holding in Zayavadas, petitioner cannot be detained indefinitely by ICE
8 without regular reviews of his custody status. If the ICE detainer is based on petitioner being under a
9 final order of deportation, and/or violating terms of release while that order was outstanding, then
10 petitioner is entitled to periodic review. Petitioner has been subject to the ICE detainer for ten months
11 and has been requesting that he be told the basis of the detainer and thus be able to propose release terms
12 or conditions. It is clear that petitioner failed to appear at ICE offices on February 14, 2007 was because
13 he was in custody on the criminal case, as is evidence by Exhibit B of respondents' answer. The
14 Vaughan declaration does not state that the first two letters contained a report date; only the third letter,
15 dated January 13, 2007, is alleged to have had a report date. (Declaration of James Vaughan, #4)

16 Petitioner's criminal defense lawyer states that if the ICE hold were lifted, petitioner would be
17 able to proceed with a meaningful detention hearing, wherein he could demonstrate that there are
18 conditions which would ensure his release. (See declaration of Douglas Horngrad)

20 Dated: April 24, 2008

21                                           Respectfully submitted,

22                                           LAW OFFICES OF STEPHEN SHAIKEN

23                         By:     s/s   Shaiken
                                         Stephen Shaiken