1  Stephen Shaiken, Esq.
LAW OFFICES OF STEPHEN SHAIKEN
2  170 Columbus Avenue, Ste. 100
San Francisco, CA 94133-5102
3  Tel: (415) 248-1012 Fax: (415) 248-0019

4  Attorney for Petitioner
Van Hung Vi

5

6                          UNITED STATES DISTRICT COURT

7                       NORTHERN DISTRICT OF CALIFORNIA

8                                SAN FRANCISCO

9

10  Van Hung Vi,                         )      District Ct. No. C 07 5527 CW
                                         )      Agency No.: A21 508 838
11                      Petitioner,      )
                                         )
12  vs.                                  )      **DECLARATION OF DOUGLAS
                                         )      HORNGRAD**
13  Nancy Alcantar, Field Office Director,)
United States Immigration and            )
14  Customs Services (USICE),            )
Janet L. Myers, Assistant Secretary,     )
15  and Michael Chertoff, Secretary,     )
Department of Homeland Security          )
16                                       )
                      Respondents        )
17  _____    )

18

19  I, Douglas Horngrad, declare:

20      1)    I am an attorney at law, duly admitted to practice before this Court.  I represent petitioner

21            in the criminal proceedings pending in the Eastern District of California;

22      2)    I make this declaration upon personal knowledge, except where stated upon information

23            and belief, and as to those matters, I believe them to be true. I have represented petitioner

24            in all of the proceedings in the Eastern District. If called to testify as a witness I would

25            testify as is set forth herein.

26      3)    Petitioner has had an ICE hold throughout all of the proceedings in the criminal case

27            since I have been his counsel.  Petitioner had been under the supervision of ICE as he is

28            under a final order of deportation but his home country of Vietnam will not accept him.

1     We were never able to find out why ICE had placed the detainer hold on petitioner and

2     learned their reasons only when the government answered the petition for writ of habeas

3     corpus;

4     4.)    At the detention hearings in the Eastern District, Pre Trial Services would not make a

5     recommendation for release conditions because there was an ICE hold and even if bond

6     were set, petitioner would not be released but rather would be transferred to the custody

7     of ICE.  Therefore, there was no point in arguing for bond or proposing any release

8     conditions in the criminal case.  The magistrate judge informed counsel that he would

9     not set bond or release an alien with an ICE hold and this was the practice in that district.

10     I am aware that in nearly every such case, when an alien has an ICE detainer, defense

11     counsel does not challenge the detention order as it would not result in release.  The

12     orders of detention in this case were not the result of a contested hearing and were

13     entered by the magistrate judge based on the evidence presented by the government.  If

14     the ICE hold is lifted, I will request a new detention hearing and would present evidence

15     showing that petitioner is neither a flight risk nor a danger to the community based upon

16     length of time in this country, family ties, and a lengthy period of supervision by ICE.

17

18     I declare under penalty of perjury that the foregoing is true and correct.

19 Dated: April 24, 2008

20     s/d.horngrad
    Douglas Horngrad, Esq.

21

22

23

24

25

26

27

28

2