IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN HUNG VI,<br><br>    Petitioner,<br><br>  v.<br><br>NANCY ALCANTAR, Field Office Director, United States Immigration and Customs Services (USICE); JANET L. MYERS, Assistant Secretary; MICHAEL CHERTOFF, Secretary, Department of Homeland Security,<br><br>    Respondents.<br> | No. C 07-5527 CW<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

    Petitioner Van Hung Vi brings this action seeking a writ of habeas corpus under 28 U.S.C. § 2241, claiming that his potential future detention by U.S. Immigration and Customs Enforcement (ICE) is not authorized by the Immigration and Nationality Act (INA) and is unconstitutional. Respondents Nancy Alcantar, Janet L. Myers and Michael Chertoff oppose the petition. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court denies the petition.

BACKGROUND

    Petitioner is a Vietnamese national. In 1994, a final order

of removal was issued against him. However, Petitioner could not be deported because a valid travel document could not be obtained. In 1995, Petitioner was released from ICE custody on a $5,000 "delivery bond." Pursuant to this bond, Petitioner is required to present himself any time ICE demands that he do so. Failure to appear could result in Petitioner being taken back into ICE custody. ICE sent Petitioner three demand letters, on March 24, 2006, January 13, 2007 and April 20, 2007. Petitioner failed to appear as ordered in these letters.

In February, 2007, Petitioner was indicted on federal drug charges in the Eastern District of California. He is currently detained in the Sacramento County Jail as he awaits trial. Petitioner twice requested that he be released on bail, but each request was denied by a federal magistrate judge.

In June, 2007, ICE discovered that Petitioner was being detained on criminal charges. It placed an immigration detainer on Petitioner, signifying its intention to take him into ICE custody should he be released from the Sacramento County Jail.

Petitioner now seeks a writ of habeas corpus compelling Respondents to withdraw the detainer. He argues that, because he cannot be deported, his future detention will be indefinite and thus is not authorized by statute. On April 4, 2007, the Court denied Respondents' motion to dismiss the petition, finding that Petitioner was "in custody," as that term is used in the habeas statute. Respondents now oppose the petition on the basis that Petitioner's claim is not yet ripe for decision.

2

DISCUSSION

Detention of individuals who have been ordered deported is governed by 8 U.S.C. § 1231(a). This statute establishes a "removal period" that lasts for ninety days, during which time "the Attorney General shall remove the alien." § 1231(a)(1)(A). It also provides, "During the removal period, the Attorney General shall detain the alien." § 1231(a)(2). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

§ 1231(a)(1)(B).

In <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), the Supreme Court addressed, as a matter of statutory interpretation, the meaning of 8 U.S.C. § 1231(a)(6), which provides that certain aliens "may be detained beyond the removal period" of ninety days established in § 1231(a)(1)(A). The issue was whether the statute permits the indefinite detention of aliens who are subject to a final order of removal but cannot be removed because no country will accept them.

The Court reasoned that, because "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," the statute should not be interpreted so as to authorize indefinite detention in the absence of a clear statement by Congress. <u>Id.</u> at 690, 696-97. Thus, the Court

3

1 construed § 1321(a)(6) to authorize only detention that was
2 "reasonably necessary to bring about [an] alien's removal from the
3 United States." Id. at 689. The Court stated that six months
4 should be considered a "presumptively reasonable period of
5 detention" under this standard.

> After this 6-month period, once the alien provides good
> reason to believe that there is no significant likelihood
> of removal in the reasonably foreseeable future, the
> Government must respond with evidence sufficient to rebut
> that showing. And for detention to remain reasonable, as
> the period of prior postremoval confinement grows, what
> counts as the "reasonably foreseeable future" conversely
> would have to shrink. This 6-month presumption, of
> course, does not mean that every alien not removed must
> be released after six months. To the contrary, an alien
> may be held in confinement until it has been determined
> that there is no significant likelihood of removal in the
> reasonably foreseeable future.

Id. at 701.

Although Petitioner may someday find himself in a situation to which Zadvydas's holding applies, adjudicating his claim at the present time would require an unacceptable degree of prognostication. Petitioner is currently being detained without bond in the Sacramento County Jail pending his trial on federal drug charges. He is not in the custody of ICE and will not be transferred to ICE's custody until he is released, which conceivably, if he is convicted, may not occur for years. The hold does not prevent him from seeking pretrial release on the criminal charges. If he were released to the detainer, he might be released on bond from ICE custody, or his habeas petition might become ripe. It is not possible to determine from the facts as they exist now whether Petitioner might be subject to potentially indefinite detention at some time in the future. An unforeseen event may take

4

place -- a travel document for Petitioner may become available, for instance, or a change in circumstances may otherwise enable ICE to execute Petitioner's removal order. Even if ICE continues to be unable to deport Petitioner, it is far from certain that his future detention would necessarily be unlawful. Zadvydas does not support the conclusion that <u>any</u> future detention by ICE, no matter how brief or on what basis, would be unlawful; it is concerned only with <u>indefinite</u> detention. Petitioner has not shown -- and cannot, given the present circumstances -- that his future detention is likely to be indefinite. See Pelich v. INS, 329 F.3d 1057, 1059 (9th Cir. 2003) (burden is on the alien "to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future'") (quoting Zadvydas, 533 U.S. at 710).

Because the Court cannot adjudicate the legality of Petitioner's hypothetical future detention based on the current record, this case, at a minimum, is not ripe for decision as a prudential matter.[1] See Simmonds v. INS, 326 F.3d 351, 357 (2d Cir. 2003) ("Prudential ripeness is . . . a tool that courts may use to enhance the accuracy of their decisions and to avoid becoming embroiled in adjudications that may later turn out to be unnecessary or may require premature examination of, especially, constitutional issues that time may make easier or less controversial.")

---

[1] The Court expresses no opinion as to whether the case presently presents a justiciable controversy under Article III of the Constitution.

5

CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.  If, at some future time, it appears that Petitioner is being detained unlawfully, he may file another habeas petition at that time.  The clerk shall enter judgment and close the file.  Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: 7/3/08

CLAUDIA WILKEN
United States District Judge